### 9723

#### McCLARY-BROADWAY CO. v. DINGLE.

#### (92 S. E. 1051.)

Creditors' Suit—Pleading—Sufficiency.—In an action on a note against the maker and others to whom it was alleged the maker had conveyed all his property, and in which it was sought to have a receiver appointed to collect the rents and profits of the land so conveyed, the complaint was insufficient where it did not allege fraud, that the conveyances were made before or after the execution of the note, and that plaintiff's rights had been violated.

Before Memminger, J., Manning, Fall term, 1916. Affirmed.

Suit by the McClary-Broadway Company against S. Dingle and others. From an order sustaining demurrer to the complaint, plaintiff appeals.

*Mr. J. J. Cantey,* for appellant, cites: *As to appointment of receiver before judgment:* Code Civ. Proc., sec. 303; 84 S. C. 222. *Joinder of actions:* Code Civ. Proc., sec. 218; Pom. Code Rem., p. 494, sec. 370. *Assignments by insolvent debtors:* Civil Code, sec. —; 39 S. C. 375; 80 S. C. 90; 40 S. C. 1.

*Mr. J. A. Weinberg,* for respondent, cites: 27 S. C. 415.

July 3, 1917.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an appeal from an order sustaining a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

Omitting the formal allegations of the complaint, it alleges that the defendant, S. Dingle, executed and delivered to the plaintiff his promissory note on the 25th day of May, 1916, in the sum of $435.93, with interest and attorney's fees as therein mentioned. The other allegations of the complaint are as follows:

"That the defendant, S. Dingle, has conveyed all of his real estate in the county and State aforesaid to C. T. Dingle and Felix Dingle for life, and then over to their heirs; that said real estate consists of about 900 acres, more or less, and that the conveyance in question is recorded in Book O4, on page 359, in the office of the clerk for the county aforesaid; that S. Dingle reserved to himself all the rents and profits derived, or to be derived from said real estate; that otherwise S. Dingle is insolvent, and is not the head of a family and has no homestead exemptions; that unless a receiver is appointed to collect said rents and profits, and apply same to the liquidation of this indebtedness, plaintiff has no legal remedy at law; that the plaintiff is informed and believes that S. Dingle has transferred and assigned all of the rents and profits aforesaid, to the Bank of Summerton, and thereby granted said bank a preference over this plaintiff and other creditors, and that said bank should be required to account and turn over to the receiver all of said rents and profits, same to be distributed among creditors as their interests may appear."

The grounds of demurrer were as follows:

"(1) That the complaint does not state facts sufficient to constitute a cause of action against these demurring defendants, for that the said complaint shows on its face that plaintiff's claim has not been reduced to judgment, and that plaintiff has no lien or other claim against the rents and profits, and that no *nulla bona* return can be made; that

25—107.

there are no facts alleged on which fraud can be based, and that the action as to these defendants is prematurely brought.

"(2) That several causes of action are attempted to be improperly united, as one is against S. Dingle alone for judgment, which is purely a law action triable by a jury, and the other is against the defendant, Bank of Summerton, for the surrender of certain securities, which is solely an action in equity after all remedies have been exhausted, and that no sufficient facts are alleged in the complaint to justify such a cause of action, and that such surrender, if any should lie, could be brought only after judgment giving plaintiff some interest by lien or otherwise, in the subject of the action sought to be taken from the defendant, Bank of Summerton, and *nulla bona* return made.

"(3) That there are no allegations in the complaint showing that the defendants, C. T. Dingle and Felix Dingle, are proper parties, and that any relief could be granted against them, and that the complaint as to them does not attempt to state facts sufficient to constitute a cause of action.

"(4) That the allegations in the complaint are insufficient against defendant, Bank of Summerton, for the appointment of a receiver and surrender of the rents and profits, for that the plaintiff has not alleged any apparent right to property, which is the subject of the action in the possession of an adverse party, and the property or its rents and profits are in danger of being lost or materially injured or impaired."

Fraud is not alleged, nor are there any allegations showing whether the transactions between the defendants took place before or after the execution of the note, nor that they have violated any of the plaintiff's rights.

The demurrer was, therefore, properly sustained. *Chemical Co.* v. *Hunter,* 84 S. C. 214, 66 S. E. 177.

Judgment affirmed.